**Carrie R. NORRIS, as Administratrix of the Goods, Chattels and Credits which were of Thomas J. Norris, deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 14882.**

United States District Court
E. D. New York.

Jan. 31, 1955.

Gustave G. Rosenberg and Lawrence M. Rosenberg, New York City, for plaintiff.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for defendant Joseph F. Soviero, Jr., Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

ABRUZZO, District Judge.

This action was instituted by the plaintiff to recover for the alleged wrongful death of her intestate, Thomas J. Norris, a member of the Armed Forces of the United States, while stationed at Camp Gordon in the State of Georgia. The complaint alleges in substance that prior to October 5, 1953, the plaintiff's intestate complained of illness to the Commanding Officer of the Camp but his complaint was not regarded seriously and he was refused admission to the hospital for the purpose of determining the extent of his illness; that he was assumed to be malingering and was marked fit for duty; that because the symptoms persisted he was ultimately admitted to the hospital where he died on October 5, 1953.

Plaintiff attributes negligence to the defendant in that it failed to diagnose the illness and admit her intestate to a hospital or provide immediate and proper medical care in that he was left unattended and refused proper medical care; that the defendant employed incompetent physicians and failed to make proper inspection of the qualification of its physicians. The complaint alleges that in the

exercise of due care and caution and by proper and immediate ministering of medical aid the plaintiff's intestate's illness may have been diagnosed early and immediate treatment given so as to prevent his death.

The defendant now moves for summary judgment dismissing the action under the provisions of Rule 56 of the Federal Rules of Civil Procedure, 28 U. S.C.A.

Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, was decided by the Supreme Court together with two other cases, Jefferson v. United States and United States v. Griggs. The Feres case involved an action for wrongful death of a service man on active duty who perished by fire in the barracks at Pine Camp, New York. Negligence was alleged in quartering him in barracks known or which should have been known to be unsafe because of a defective heating plant and in failing to maintain an adequate fire watch. In the Jefferson case, the plaintiff while in the Army was required to undergo an abdominal operation. About eight months later in the course of another operation after plaintiff was discharged, a towel 30″ x 18″ marked "Medical Department U. S. Army" was discovered and removed from his stomach. The complaint alleged that it was negligently left there by the Army surgeon. In the Griggs case, the allegation of negligence was that while plaintiff's decedent was on active duty he met death because of negligent and unskillful medical treatment by Army surgeons. The three cases were decided together because the common fact underlying each action was that each claimant while on active duty and not on furlough sustained injury or death due to negligence of others in the Armed Forces. In denying recovery in each case the Court held, 340 U.S. at page 144, 71 S.Ct. at page 158:

"No federal law recognizes a recovery such as claimants seek. The Military Personnel Claims Act, 31 U.S.C. § 223b, now superseded by 28 U.S.C. § 2672, 28 U.S.C.A. § 2672, permitted recovery in some circumstances, but it specifically excluded claims of military personnel 'incident to their service.' "

And, 340 U.S. at page 146, 71 S.Ct. at page 159:

"We conclude that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service. * * * "

The Feres case distinguished the case of Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200. The instant case falls not within the category of the Brooks case but the Feres case.

The plaintiff cannot recover under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., and the defendant's motion for summary judgment dismissing the action must be granted.