**Edward D. DOWNES, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 633.

United States District Court
E. D. North Carolina,
New Bern Division.

Sept. 28, 1965.

John D. Warlick, Jr., of Ellis, Hooper, Warlick & Waters, Jacksonville, N. C., for plaintiff.

Robert H. Cowen, U. S. Atty., by John R. Hooten, Asst. U. S. Atty., for defendant.

LARKINS, District Judge:

This cause comes before the Court as a civil action against the United States under the Tort Claims Act filed pursuant to the provisions of Title 28 U.S.C.A. § 1346(b) and § 2671 et seq.

Plaintiff alleges that due to the negligent operation of a truck which was the property of the United States, and being operated by one Private Paul D. Brown while in the performance of his official duties as a United States Marine, a collision occurred causing plaintiff personal injuries and property damages to plaintiff's automobile which he was then operating.

Defendant has answered denying negligence on the part of Private Brown, and denying that plaintiff has been injured. Further, defendant has moved for Summary Judgment insisting that plaintiff was a member of the United States Marine Corps on active duty at the time, and that he was injured in the course of activity incident to the performance of his military duties. Defendant insists that such active duty status denies him the right to sue the United States under the Tort Claims Act. Defendant states that there is no material dispute relating to this question, and that the case is therefore ripe for Summary Judgment.

Before the Court at this time is the Motion for Summary Judgment by the defendant.

### FINDINGS OF FACT

Plaintiff entered the United States Marine Corps in 1960 and was discharged on February 10, 1964. (Ans. to Interog. Nos. 26 and 61.)

Plaintiff resided at No. 168–9 North Carolina Highway No. 24 East (Ans. to Interog. No. 43), which is located about one mile off the Base limits at Camp Lejeune, North Carolina.

On the morning of January 30, 1964, plaintiff reported to his unit at the prop-

er time (about 6:00 A.M.) and was shortly thereafter given a pass authorizing him to leave the Base from 7:30 A.M. on January 30, 1964 until 6:30 A.M., January 31, 1964. This pass was granted for purposes of allowing plaintiff to be present at his home because plaintiff felt he was needed there in order to look after his personal belongings when movers came to move them. Plaintiff was being moved to his permanent address incident to his being discharged from the United States Marine Corps. (Ans. to Interog. Nos. 39 and 44.)

Plaintiff received his pass and then proceeded toward his off-base residence when the accident occurred about which plaintiff complains. The place of the collision was on the Base and plaintiff was in military dress although he was operating his own automobile at the time. (Ans. to Interog. Nos. 57 and 58.)

The collision occurred at 8:00 A.M., or thirty minutes *after* the pass had taken effect. Petitioner was, therefore, on a pass pursuing his personal affairs at the time the collision occurred.

Subsequent to the accident, plaintiff was taken to the military dispensary for medical care and treatment. (Ans. to Interog. Nos. 7 and 10.)

## CONCLUSIONS OF LAW

■ The fact that claimant was a member of the United States Armed Forces when he sustained injury or loss as a result of the wrongs of another member of the armed forces does not, of itself, preclude recovery under the Tort Claims Act. Rather, the crucial question is: Was he injured as a result of the performance of conduct *incident to his military* service? Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L. Ed. 1200 (1949); Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950); and United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954).

■ In determining the issue of "incident to service" the courts recognize the policy behind a rule preventing the soldier from suing his government on a claim arising out of injuries received incident to the performance of his duties. This policy is clearly expressed in United States v. Brown, 348 U.S. 110, 112, 75 S.Ct. 141, 143, supra.

> "The peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the Tort Claims Act were allowed for * * * negligent acts committed in the course of military duty, led the Court to read the Act as excluding claims of that character."

See also, United States v. Muniz, 374 U. S. 150, 162, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

■ The real question then is a factual one: Was plaintiff performing duties of such a character as to undermine traditional concepts of military discipline if he were permitted to maintain a civil suit for injuries resulting therefrom? The answer is obviously NO. The United States cannot be heard to rely on the broad principles stated in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, supra, to the exclusion of those established in Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, supra, and so concisely enunciated in United States, v. Brown, 348 U.S. 110, 75 S.Ct. 141, supra.

The case of Adams v. United States, Civil Action No. 1032 (M.D.Ga. June 2, 1965), and upon which defendant heavily relies, actually serves to emphasize the distinction. In *Adams*, the plaintiff was injured on a military reservation *while on pass*, as was the instant plaintiff. But at the time the injury occurred an important factual distinction is noted. In *Adams*, the plaintiff was under the direct and immediate supervision of the Military Police in spite of his being on pass for the reason that they had stopped his vehicle. They had ordered him to park it a certain place and then ordered him out of it, all this taking place on the reservation. This is a very material difference from that of the instant plaintiff who was at his liberty to pursue his per-

sonal affairs as he saw fit at the moment of collision.

In *Adams,* the maintenance of the traditional concepts of military discipline came directly before the Court because the plaintiff was injured while in the process of obeying the specific instructions of the Military Police. No such consideration appears before this Court on the facts as they are now established.

See Knecht v. United States, 242 F.2d 929 (3rd Cir., 1957); and Nowotny v. Turner, 203 F.Supp. 802 (M.D.N.C. 1962). Cf. Preferred Ins. Co. v. United States, 222 F.2d 942 (9th Cir. 1955); and Richardson v. United States, 226 F. Supp. 49 (E.D.Va.1964).

### ORDER

Therefore, it is ordered that defendant's Motion for Summary Judgment be, and the same is hereby denied.