369 F.2d 272
 Joseph B. SHEPPARD, Sr., Administrator of the Estate of Joseph B. Sheppard, Jr., and Anthony G. Moccia, Administrator of the Estates of William Bradley Breon and Michael J. Mondo, Jr.
v.
UNITED STATES of America.
Joseph B. Sheppard, Sr., Administrator of the Estate of Joseph B. Sheppard, Jr., Appellant in No. 16135.
Anthony G. Moccia, Administrator of the Estate of William Bradley Breon, Appellant in No. 16136.
Anthony G. Moccia, Administrator of the Estate of Michael J. Mondo, Jr., Appellant in No. 16136.
 Nos. 16135-16137.
 United States Court of Appeals Third Circuit.
 Argued November 17, 1966.
 Decided December 12, 1966.
 
 Stephen M. Feldman, Philadelphia, Pa. (Joseph G. Feldman, Feldman & Feldman, Philadelphia, Pa., Hy Mayerson, Philadelphia, Pa., of counsel, on the brief), for appellants.
 Morton Hollander, Chief, Appellate Section, Dept. of Justice, Washington, D. C. (J. William Doolittle, Acting Asst. Atty. Gen., Drew J. T. O'Keefe, U. S. Atty., David L. Rose, Florence Wagman Roisman, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee.
 Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 Plaintiffs are the administrators of the estates of three United States marines who were killed in the crash of a United States Air Force aeroplane while they were on active duty, in the course of activity incident to that duty. The suit was under the Torts Claims Act, 28 U.S.C. § 2671 et seq. It was dismissed by the District Court under Rule 12(b), F.R.Civ.P. for lack of jurisdiction over the subject matter.
 
 
 2
 We hold that the ruling of the District Court was right and proper. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). The flat statement is made on behalf of appellants in their brief that "* * * subsequent decisions of the Supreme Court destroyed the validity of that case." Nothing could be further from the true fact. Appellants argue from decisions having no real bearing on the tight, clear problem presented. In the only other case since Feres involving the right of a service man to sue the United States in tort, United States v. Brown, 348 U.S. 110, 113, 75 S.Ct. 141, 144, 99 L.Ed. 139 (1954), Mr. Justice Douglas for the Court states "We adhere also to the line drawn in the Feres case between injuries that did and injuries that did not arise out of or in the course of military duty."
 
 
 3
 The judgment of the District Court will be affirmed.