Dorothy L. BUCKINGHAM, in her own right and as Administratrix of the Estate of Elvin E. Buckingham, Deceased, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12073.

United States Court of Appeals Fourth Circuit.

Argued April 1, 1968.

Decided April 29, 1968.

Israel Steingold, Norfolk, Va. (Steingold, Steingold & Chovitz, Norfolk, Va., and Charles Henry Gordon, Hampton, Va., on the brief), for appellant.

Leonard Schaitman, Atty., Dept. of Justice (Edwin L. Weisl, Jr., Asst. Atty. Gen., Morton Hollander, Atty., Dept. of Justice, and C. Vernon Spratley, Jr., U. S. Atty., on the brief), for appellee.

484

Before HAYNSWORTH, Chief Judge, and BOREMAN and BUTZNER, Circuit Judges.

PER CURIAM:

In this case plaintiff has brought suit against the United States under the Federal Tort Claims Act.[1] The District Court granted summary judgment for defendant. Finding this case to be controlled by Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, we affirm the judgment below.

Plaintiff's decedent, a Master Sergeant in the United States Air Force stationed at Langley Air Force Base, Virginia, became ill while on duty on August 5, 1966. On August 6 he reported to the emergency room of the base hospital where he was treated, given a prescription, and sent home. His condition having worsened, he returned to the hospital on August 7, was given further directions for treatment, and again sent home. He finally gained admission to the hospital on August 9 but died the next day.

Plaintiff alleges that the failure to admit the sergeant earlier constituted negligence on the part of the hospital personnel, and for purposes of this appeal the allegation is accepted as true. Thus, the issue becomes whether or not the negligent failure of a military hospital to admit a soldier on active duty is actionable under the Federal Tort Claims Act. Feres v. United States, supra, requires a negative reply.

Of the three cases decided sub nom. Feres v. United States, two were concerned with alleged medical malpractice at army hospitals. As in the case at bar, the victims of the alleged malpractice were soldiers on active duty. After considering the unique relationship of military personnel to their government and the fact that Congress had provided a uniform system of compensation for the injury or death of those in the armed forces,[2] the Court determined that the injuries in question were not actionable under the Tort Claims Act. We perceive no meaningful distinction between the claims there asserted and the instant claim and, accordingly, affirm the judgment below.

There is no merit to the contention that the Feres doctrine is bankrupt and that the case should be confined narrowly to the precise factual situation there presented. Courts confronted with situations not meaningfully distinguishable from Feres or from the one presently before us have attested to its continued viability.[3]

Affirmed.

1. 28 U.S.C. §§ 1346(b), 2671 et seq.

2. In the case at bar plaintiff is entitled to and is presently receiving $187 per month under 38 U.S.C. § 401 et seq.

3. See, e. g., Norris v. United States, 2 Cir., 229 F.2d 439, aff'g 137 F.Supp. 11 (E.D.N.Y.); Sheppard v. United States, 3 Cir., 369 F.2d 272.