**Richard E. COFFEY and Mildred M. Coffey, Plaintiffs,**

**v.**

**UNITED STATES of America, Secretary of the Navy, Paul Ignatius, the Atchison, Topeka and Santa Fe Railway Company, a Kansas and California Corporation, H. L. Perkins, an individual, and an agent for the Atchison, Topeka and Santa Fe Railway Company, Defendants.**

**Civ. No. 69–1–K.**

United States District Court,
S. D. California.

April 12, 1971.

Robert E. Law and William Andersen Dougherty, Tustin, Cal., for plaintiffs.

Edwin L. Miller, U. S. Atty., Raymond F. Zvetina, Asst. U. S. Atty., San Diego, Cal., for the United States.

John J. Balluff and Henry M. Moffat, Los Angeles, Cal., for Atchison, Topeka and Santa Fe Railway Company, and H. L. Perkins.

## ORDER AND OPINION

RUSSELL E. SMITH, Chief Judge.

The motion to dismiss (Fifth Affirmative Defense) is deemed to be supplemented by the affidavits in support of the motion to dismiss, and is therefore treated as a motion for summary judgment.

Gerald C. Coffey (whose parents are the plaintiffs) was a United States Marine stationed at Camp Pendleton. He was killed while riding as a passenger in an automobile struck by a Santa Fe switch engine while at the intersection of a government-maintained private road and the railroad tracks within the confines of the military reservation. The United States is alleged to have failed to properly mark and guard the railroad crossing. Coffey had a liberty card and the Court infers (the inference most favorable to plaintiff) that he was riding toward the Camp Pendleton exit on the way to off-post liberty. He was, however, still within the confines of the military reservation and was subject to all liberty, cancellation of liberty, uniform, traffic and other military regulations.

**1088**

Under these circumstances and assuming that the United States was otherwise liable, does the military exemption to the Federal Tort Claims Act bar recovery?

The solution is reached by finding the correct boundary between Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949) and Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). The problem is not without difficulty and the difficulty is compounded by the fact that United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954) diminishes *Feres* to the extent that the result in *Feres* rested upon the existence of a plan providing compensation for a class of which the plaintiff was a member and that United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963) diminishes *Feres* insofar as the result in *Feres* rested upon the historical absence of an "analogous or parallel liability, on the part of either an individual or a State." It would seem from *Brown* as reinforced by *Muniz* that *Feres* now rests largely upon the "effects of the maintenance of such suits on discipline." The accidents which gave rise to *Feres* the cases were neither directly nor clearly related to discipline. In Jefferson v. United States, 178 F.2d 518 (4 Cir. 1949) the accident probably happened while plaintiff was anesthetized and in the *Feres* case itself plaintiff was in his quarters.

There is a diversity of judicial opinion. See Gursley v. United States, 232 F.Supp. 614 (D.C.Colo.1964), denying

recovery and Downes v. United States, 249 F.Supp. 626 (D.C.N.C.1965)[1] allowing recovery. I am in accord with *Gursley* because I think, as did Judge Doyle, that there is a distinction in terms of discipline between on-post and off-post activities. I likewise think that the question which the Court in *Downes* posed to itself—"Was plaintiff performing duties of such a character as to undermine traditional concepts of military discipline if he were permitted to maintain a civil suit for injuries resulting therefrom?"—cannot be answered "No" in light of *Feres*. *Feres* cannot be explained on the ground of specific disciplinary problems because *Feres* did not involve any such problems. *Feres* can only be explained on the ground that the enforcement of army discipline in general is more difficult if persons involved in enforcing discipline may be treated as the causative agents of suits against the United States brought by persons who are the subjects of army discipline. In this light this case, as I see it, poses no different problem in terms of discipline than did the three cases disposed of in the Feres opinion.[2]

The motion for summary judgment is granted and it is ordered that plaintiff be denied all relief.

The Court is of the opinion that this order involves a controlling question of law on which there is a substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of this litigation.

1. The result in Downes may be the proper result if the reasoning in Hale v. United States, 416 F.2d 355 (6 Cir. 1969) is the law although Hale does involve off-post activity.

2. See also: Preferred Insurance Company v. United States, 222 F.2d 942 (9 Cir.

1955), cert. den. 350 U.S. 837, 76 S.Ct. 74, 100 L.Ed. 747; Chambers v. United States, 357 F.2d 224 (8 Cir. 1966); Zoula v. United States, 217 F.2d 81 (5 Cir. 1954); United States v. United Services Automobile Ass'n, 238 F.2d 364 (8 Cir. 1956); Orken v. United States, 239 F.2d 850 (6 Cir. 1956).