**Russell HALL, Plaintiff, Appellant,**

v.

**UNITED STATES of America, Defendant, Appellee.**

**No. 71–1230.**

United States Court of Appeals, First Circuit.

Heard Nov. 1, 1971.

Decided Nov. 18, 1971.

Michael E. Mone, Boston, Mass., with whom Schneider & Reilly, Inc., Boston, Mass., was on brief, for plaintiff-appellant.

Robert M. Feinson, Atty., Dept. of Justice, with whom L. Patrick Gray, III, Asst. Atty. Gen., Herbert F. Travers,

Jr., U. S. Atty. and Morton Hollander, Atty., Dept. of Justice, were on brief, for defendant-appellee.

Before ALDRICH, Chief Judge, BREITENSTEIN, Senior Circuit Judge,* and McENTEE, Circuit Judge.

PER CURIAM.

Plaintiff appellant's Federal Tort Claims Act complaint for malpractice injury incurred in an army hospital while he was on active service was dismissed on the authority of Feres v. United States, 1950, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152. Under the *Feres* doctrine, the government is not liable under the Act, 28 U.S.C. § 1346(b), "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. Plaintiff seeks to distinguish, or more exactly, asks us not to follow, that case on the ground that the various rationale supporting it have been cut away, if not eliminated. We may assume that to some extent plaintiff is correct, but we think too facile his claim that there can be no valid economic reason for allowing recovery by a discharged soldier for malpractice in a veterans hospital, and denying recovery for such injury while on active duty. Congress may well wish to recognize one standard for veterans' benefits, and to provide a different package for in-service injury and disability. *See* 38 U.S.C. § 401 et seq.

Even more basic, we reject plaintiff's contention that *Feres* is inapplicable in any case where no military discipline was involved—"there must [he says] be a rational connection between the activity which injured plaintiff and the discipline." Even though there may have been no disciplinary element in this case, the much abused invocation of Pandora's Box will surely become appropriate if plaintiff's principle were to be established. If every injury "aris[ing] out of or * * * incident to service,"

* Of the Tenth Circuit, sitting by designation.

* [1]  Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

340 U.S. at 146, 71 S.Ct. at 159, must invite inquiry, not only would the difficulties of what, legally, would constitute discipline-connected be substantial, but the Armed Services would be faced with maintaining a claims department. Such avenues should be opened—if they are to be—by Congress. *Feres* required no nexus between discipline and injury. We see no occasion to depart therefrom, even if we could. For recent decisions resisting similar importunities, *see* Buckingham v. United States, 4 Cir., 1968, 394 F.2d 483; Shults v. United States, 5 Cir., 1969, 421 F.2d 170; Lowe v. United States, 5 Cir., 1971, 440 F.2d 452, cert. denied, 1971, 404 U.S. 833, 92 S.Ct. 83, 30 L.Ed.2d 64, 1971.

Affirmed.