**William E. HALE, a minor, b/n/f John F. Hale, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 71–1110.**

United States Court of Appeals, Sixth Circuit.

Dec. 2, 1971.

Norman D. Lane, Nashville, Tenn., for plaintiff-appellant.

Robert M. Feinson, Dept. of Justice, Washington, D. C., for defendant-appellee; L. Patrick Gray, III, Asst. Atty. Gen., Morton Hollander, Dept. of Justice, Washington, D. C., Charles H. Anderson, U. S. Atty., Nashville, Tenn., on brief.

Before EDWARDS, CELEBREZZE and MILLER, Circuit Judges.

EDWARDS, Circuit Judge.

This is the second appeal in this tort claims action brought against the United States by a soldier who was assigned to Fort Campbell, Kentucky, but who when injured was outside the limits of his post on a valid pass. His claim (alleging that negligence on the part of other military personnel on active duty had been a proximate cause of his injury) had been dismissed on the government's motion on the ground that his injury as alleged had been "incident to military service." *See* Hale v. United States, 416 F.2d 355 (6th Cir. 1969). This court reversed and remanded for evidentiary hearing, holding that the proper question for the trial court to decide in determining the government's claim of exemption was: Did appellant's injuries arise out of or in the course of military duty? Hale v. United States, 416 F.2d 355, 360 (6th Cir. 1969).

The District Judge assigned to this case conducted a full evidentiary hearing and entered findings of fact and conclusions of law, 334 F.Supp. 566, as follows:

"1. On March 1, 1965, Private William Hale was issued a Class A pass, which permitted him to visit Clarksville, Tennessee. He had visited Clarksville that evening, and was returning to his base, Fort Campbell, when the accident occurred.

"2. On March 1, 1965, Private Petrashune and Private Clayton were assigned, as military police, to patrol Clarksville. They had gone on duty early in the evening, and were still on duty at the time of the accident.

"3. Private Hale was attempting to hitchhike back to Fort Campbell when he noticed an Army truck approaching him. Privates Petrashune and Clayton were in this truck and saw Private Hale hitchhiking. All three knew that this was illegal and that the military police had authority to arrest Private Hale for this violation of the Army regulations.

"4. The truck carrying the military police came to a stop near Private Hale. A short discussion followed. Private Hale identified himself as being part of the military. He was not, however, arrested. Instead, he was offered a ride back to Fort Campbell. Private Hale accepted this offer.

"5. Private Clayton told Private Hale where he should sit in the truck during the ride back to Fort Campbell. Private Hale was following these directions when he was struck by the speeding car.

"6. While on duty as military policemen during the evening of March 1, 1965, Privates Petrashune and Clayton had the responsibility of supervising the conduct of military personnel in Clarksville, whether on duty or on a Class A pass.

"7. When on duty as military police, Privates Petrashune and Clayton often attempted to carry out their duties without exerting their full authority and power.

"8. Private Hale became subject to any orders or directions which Private Clayton, within the scope of his authority, might have given him as soon as Private Clayton discovered that Private Hale, whom he had observed violating the Army's 'no hitchhiking' regulation, was in the military.

"9. Private Hale, though within the limits of a valid Class A pass, was injured while following the directions of a military policeman, who at that moment had the authority and the responsibility of supervising Private Hale's conduct. Accordingly, maintenance of this suit could disrupt the 'peculiar and special relationship of soldier to his superiors . . .'"

Under the facts as found, we conclude that when appellant started to enter the M.P. truck, whether as a result of invitation or command, he re-entered a direct disciplinary relationship with his army command and as a consequence, there is no ground for reversal of the District Judge's findings that his injuries arose out of or in the course of military duty.

The judgment of the District Court is affirmed.