**Richard V. HENNINGER, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 26467.**

United States Court of Appeals, Ninth Circuit.

Jan. 17, 1973.

William Beal Dunn (argued), of Dunn, Hart & McDonald, San Francisco, Cal., for plaintiff-appellant.

Walter H. Fleischer, Atty. (argued) Leonard Schaitman, Atty., L. Patrick Gray, III, Asst. Atty. Gen., Washington, D. C., James L. Browning, U. S. Atty., San Francisco, Cal., for defendant-appellee.

Before DUNIWAY and TRASK, Circuit Judges, and BURNS,* District Judge.

DUNIWAY, Circuit Judge:

Henninger's Federal Tort Claims action was dismissed by the district court and he appeals. We affirm.

■ Henninger was scheduled for discharge from the Navy on May 29, 1966. At his physical examination, the last step in the discharge process, it was discovered that he had a double hernia. Although Henninger expressed a desire to have this condition repaired after he became a civilian, he was informed that his medical release would not be signed unless he submitted to surgery while in the Navy. He did so, and the operation was performed on May 25, 1966. The Government has stipulated that this operation was performed negligently by Navy doctors, causing Henninger to suffer complete atrophy of his left testicle.

The trial court held that Henninger's claim is barred by the decision of the Supreme Court in Feres v. United States, 1950, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152. There, the Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. This rule was held to include the claims of persons who "while on active duty and not on furlough, [sustain] injury due to negligence of others in the armed forces." Id. at 138, 71 S.Ct. at 155.

On its face, Feres disposes of this case. Henninger asks us to avoid its coverage on three grounds. First, he asks us to overrule Feres. This argument is addressed to the wrong court. Second, he argues that medical malpractice claims should be exempted from the Feres rule; otherwise we would be "countenancing"

negligence by armed forces doctors. Two of the claims which gave rise to Feres were based upon medical malpractice. Thus this argument is merely a modification of the first, and we reject it for the same reason.

Third, Henninger argues that, even if the Feres rule is valid in the precise fact situations which were before the Court there, its rationale does not extend to this case. This argument runs as follows: Feres was based upon the special relationship existing between a soldier and his superiors and the effect that Federal Tort Claims suits could have on military discipline. Here, however, the operation which caused his injury was performed after he had been completely processed for discharge, so that permitting Henninger to sue could not have the undesirable consequences feared by the Supreme Court. Thus, it is illogical to prevent this action, because it is undisputed that he could have brought it had the surgery been performed in a Veterans' hospital following his release from active duty.[1]

■ The precise rationale for the Feres rule and its continuing validity have been the source of some confusion. Compare United States v. Lee, 9 Cir., 1968, 400 F.2d 558, 562–564, with Callaway v. Garber, 9 Cir., 1961, 289 F.2d 171, 172–174. However, even if we were to accept Henninger's formulation of that rationale, he would not prevail here. To determine the effect that a particular type of suit would have upon military discipline would be an exceedingly complex task, as Henninger concedes. The proximity of the injury to discharge would be only one factor. Whether it resulted from an allegedly negligent order would be another. Whether it was caused by totally unrelated military personnel would be yet a third. In short, nearly every case would have to be litigated and it is the suit, not the recovery,

---

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

1. In such circumstances, his claim would fall within the precise holding of United States v. Brown, 1954, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139.

that would be disruptive of discipline and the orderly conduct of military affairs. *See* Hall v. United States, 1 Cir., 1971, 451 F.2d 353, 354; Coffey v. United States, S.D.Cal., 1971, 324 F.Supp. 1087, 1088, aff'd. per curiam 9 Cir., 1972, 455 F.2d 1380. This is a classic situation where the drawing of a clear line is more important than being able to justify, in every conceivable case, the exact point at which it is drawn. This is especially so because servicemen injured incident to their service are entitled to Veterans' benefits.[2] We hold that *Feres* absolutely bars Federal Tort Claims actions by servicemen injured "while on active duty and not on furlough . . . due to the negligence of others in the armed forces."[3] However close to discharge Henninger was at the time of his injury, he was still on active status, and may not bring this action.

In a last ditch effort to save his suit, Henninger argues that the Government is "estopped" from invoking the rule of *Feres*, because he was told that he could not be released without having the hernia repaired, a representation which all parties now concede was false. However, although this fact adds sympathy to Henninger's case, his argument fails. The Federal Tort Claims Act excepts certain types of actions from the general rule that the Government is immune from suit. Feres v. United States, *supra*, 340 U.S. at 139–140, 71 S.Ct. 153, 95 L.Ed. 152. Henninger's claim is not cognizable under the Act, and is therefore not one to which Congress has con-

sented. It is axiomatic that no representations by Government agents can waive the Government's immunity.[4] *Cf.* Federal Crop Insurance Corp. v. Merrill, 1947, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10.

Affirmed.

---

2. There is some confusion regarding whether the presence of an administrative remedy precludes relief under the Federal Tort Claims Act. The answer seems to be yes, except when the alternative source of compensation is Veterans' benefits. *Compare* United States v. Demko, 1966, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 *with* United States v. Brown, *supra*, note 1. However, while the availability of such benefits may not be determinative, we believe that it at least tips the scales in favor of a strict reading of *Feres*.

3. While we are aware of no case which expressly adopts the absolutist reading of

*Feres* which we adopt here, it is significant that, of the vast number of cases interpreting that rule, Henninger cites us only one which departs from our holding. Downes v. United States, D.N.C., 1966, 249 F.Supp. 626.

4. Henninger also suggests that preventing him from maintaining this action would violate his Fifth Amendment right to due process, although he does not tell us why. We see no reason why Congress could not choose to restrict servicemen to their administrative remedy.