### James A. MORGAN, Plaintiff,

v.

### UNITED STATES of America, Defendant.

#### No. 73–69–CIV–P.

United States District Court,
N. D. Florida,
Pensacola Division.

Nov. 28, 1973.

Robert R. McDaniel, Pensacola, Fla., for plaintiff.

William Stafford, U. S. Atty., Pensacola, Fla., for defendant.

## MEMORANDUM DECISION

ARNOW, Chief Judge.

Plaintiff brought suit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, for injuries he sustained on June 7, 1972, while riding his bicycle in Saufley Field, Naval Air Station, Pensacola, Florida. He alleges that his injuries resulted from the negligence of various government agents who erected a barricade without proper illumination, which was set along a newly-constructed ditch, thereby causing him to crash into the barricade. The government answered, denying negligence on the part of its employees and alleging the plaintiff was contributorily negligent, and that he had assumed the risk of injury. The government further alleged that plaintiff was barred from recovery by the *Feres* doctrine, Feres v. United States, 340 U. S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Following that, the government moved for a judgment on the pleadings or, in the alternative, for a summary judgment. The case is before the court on such motion and also on pretrial conference.

Florida has abolished the doctrine of contributory negligence. *Hoffman v. Jones*, 280 So.2d 431 (Fla.1973). In view of *Hoffman*, the doctrine of assumption of risk is also of dubious validity. Beyond that, however, on the question of negligence and these defenses, on the matter before the Court, there is factually material issue precluding summary judgment. So the government here stands or falls on the matter of summary judgment on the question whether plaintiff is barred by the *Feres* doctrine.

The following facts have been stipulated:

(a) Plaintiff was a member of the United States Navy on active duty and not on furlough at the time of his accident on June 7, 1972.

(b) At the time of the accident plaintiff was riding his bicycle en route to his appointed place of duty at Saufley Field, Naval Air Station, Pensacola, Florida.

(c) Following his accident, plaintiff was treated at the Naval Hospital by Navy physicians, corpsmen and other Navy personnel.

(d) Plaintiff incurred no medical expenses, the same having been furnished or otherwise paid for by the United States.

(e) Plaintiff filed an administrative claim, which was denied by the United States.

Under *Feres* and its progeny, as shown by the long list of authorities cited in the government's argumentative answer, it is clear plaintiff may not here recover if his claim arose out of or in the course of activity incident to his military service. Plaintiff, however, contends the *Feres* doctrine does not preclude recovery because at the time of injury he was not yet on active duty in the sense that he was not at his place of work, had not yet reported for work, was not under the direct supervision and control of the military, and was not on any military mission.

The principal case relied on by plaintiff is Downes v. United States, 249 F. Supp. 626 (E.D.N.C.1965). There, the court allowed recovery when a serviceman on a one-day pass was injured while attempting to leave, but was still on the base. The court, citing the language in United States v. Brown, 348 U.S. 110, 112, 75 S.Ct. 141, 99 L.Ed. 139 (1954), referring to the peculiar and special relationship of the soldier to his superiors and the effects of the maintenance of such suit on discipline, concluded:

"The real question then is a factual one: Was plaintiff performing duties of such a character as to undermine traditional concepts of military discipline if he were permitted to maintain a civil suit for injuries resulting therefrom?" *Downes*, 249 F.Supp. at 628.

More recently, in Hale v. United States, 452 F.2d 668 (1971), the Sixth Circuit has followed somewhat similar reasoning in denying relief to a serviceman who was stopped by military police while on pass and off duty. The court concluded that, even though the serviceman was on pass, he had re-entered a direct disciplinary relationship with his Army command. It held that "as a consequence there is no ground for reversal of the District Judge's findings that his injuries arose out of or in the course of military duty." *Id.* at 669.

The Fifth Circuit, while not specifically disapproving the test of discipline relation, has generally focused on whether the plaintiff's injury arose "in the course of activity incident to service." Shults v. United States, 421 F.2d 170, 172 (1969); Lowe v. United States, 440 F.2d 452 (1971). In Hall v. United States, 451 F.2d 353 (1971), the First Circuit, in specifically disapproving the contention that *Feres* is inapplicable in any case where no military discipline is involved, cited, among others, as "recent decisions resisting similar importunities," these two Fifth Circuit decisions:

"Even more basic, we reject plaintiff's contention that *Feres* is inappli-

cable in any case where no military discipline is involved— . . . . *Feres* required no nexus between discipline and injury. We see no occasion to depart therefrom, even if we could. For recent decisions resisting similar importunities, see Buckingham v. United States, 394 F.2d 483 (4th Cir., 1968); Shults v. United States, 421 F.2d 170 (5th Cir. 1969); Lowe v. United States, 440 F.2d 452 (5th Cir. 1971), cert. den. 404 U.S. 833, 92 S.Ct. 83, 30 L.Ed.2d 64 (1971)."

*Downes* went a long way. In Henninger v. United States, 473 F.2d 814 (9th Cir. 1973), cert. den. 414 U.S. 819, 94 S. Ct. 43, 38 L.Ed.2d 51, the Ninth Circuit, in holding *Feres* absolutely bars federal tort claims by servicemen injured while on active duty and not on furlough, had this to say respecting *Downes:*

"While we are aware of no case which expressly adopts the absolutist reading of *Feres* which we adopt here, it is significant that, of the vast number of cases interpreting that rule, Henninger cites us only one which departs from our holding. Downes v. United States, D.N.C.1966, 249 F. Supp. 626." (*Henninger,* 473 F.2d 816 at footnote 3)

This Court agrees with the reasoning of *Hall* and concludes the strong reliance of the court in *Downes* on the discipline language contained in *Brown* is misplaced.

Beyond that, however, factually the case here presented is distinguishable from *Downes* and is within the rationale of *Hall,* as well as Fifth Circuit decisions denying relief. In *Downes,* plaintiff was on a pass pursuing his personal affairs when the injury occurred. In the instant case, plaintiff was not on pass and was performing the military duty of reporting to work when injury occurred. There is here the same material difference the court in *Downes* pointed out in distinguishing its holding from another decision—plaintiff here was not, at the time of injury, "at his liberty to pursue his personal affairs as he saw fit." *Id.,* 249 F.Supp. at 628–629.

In *Brown,* the court, in holding the case was governed by Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L. Ed. 1200 (1949), and not *Feres,* pointed out the injury was not incurred while respondent was on active duty or subject to military discipline. As some of the cases point out, a serviceman, even though on pass or furlough at the time of injury, may, because of the particular circumstances, be subject to military discipline, with his suit consequently barred. Here, plaintiff was both on active duty and subject to military discipline.

In consideration of all of the foregoing, it appears to this Court that the principal focus is in this Circuit and should be, under the Supreme Court decisions, on the question whether the injury was service related. Applying that standard to the stipulated facts, the Court concludes plaintiff's claims are barred by the *Feres* doctrine. The injury occurred while plaintiff was on active duty, on base and on his way to his duty station. The nexus between the injury and plaintiff's military service could hardly be more evident. Even if the discipline test of *Downes* is used, the circumstances presented here would stretch that principle further than any case of which this Court is aware.

The Court accordingly concludes there is no genuine issue respecting any material fact and that defendant's motion for summary judgment should be granted.

Final summary judgment will be entered in accordance with the foregoing.