Tadeusz W. WISNIEWSKI and Yun Cha Wisniewski, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 75–C–744.

United States District Court, E. D. Wisconsin.

July 8, 1976.

**600**

Ken Bowman, DePere, Wis., for plaintiffs.

William J. Mulligan, U. S. Atty. by Charles N. Clevert, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the complaint in this action for failure to state a claim on which relief can be granted. I believe that this motion should be granted.

The plaintiffs bring this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–80. They allege that Tadeusz Wisniewski was a member of the United States Army from February, 1966, through March, 1974. In preparation for his discharge from the army, Mr. Wisniewski underwent physical examinations conducted by army personnel on March 22 and March 24, 1974. The March 24 examination was conducted because it was discovered at the March 22 examination that the plaintiff had a disturbing blood condition and a swollen left testis. He was given antibiotics and alleges that he was told that he would be notified of the results of these examinations. However, he had received no such notice at the time of his discharge on April 1, 1974.

The gravamen of the complaint is that the defendant's silence induced the plaintiff to forestall timely treatment. About five months later, on September 2, 1974, the plaintiff underwent an operation at a veteran's hospital for the medical problem involved in his two discharge examinations.

The plaintiffs assert that the defendant failed to diagnose and treat Mr. Wisniewski's illness and to notify him of the results of his discharge examinations. He seeks damages for his failure to receive timely treatment for his medical problem, for mental and physical anguish, and for strained family relations.

Yun Cha Wisniewski also seeks damages for the familial and marital disharmony which resulted when her husband's illness caused his behavior toward his family to change dramatically.

■ The defendant argues that *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), bars the claims asserted by both plaintiffs. *Feres* dealt with the applicability of the Federal Tort Claims Act to servicemen seeking damages for injuries suffered while on active duty due to the negligence of armed forces personnel. In one of the three cases consolidated in *Feres*, the serviceman charged that a 30 inch long towel was left in his stomach after an operation performed by army physicians while he was on active duty. The towel was discovered and removed in the course of an operation performed after his discharge. *Jefferson v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). After considering the special federal nature of the armed forces, the adverse effect on military discipline if such claims were allowed, and the other federal statutes providing compensation to servicemen and their families, the Court held:

"... the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, supra at 146, 71 S.Ct. at 159.

Therefore, under *Feres* a serviceman is precluded from maintaining an action for damages under the Federal Tort Claims Act for injury sustained while on active duty. However, if a serviceman sustains an injury after having been discharged, he may bring an action under the Act. *United States v. Brown*, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954).

The defendant argues that the plaintiff's injury arises out of the two pre-discharge physical examinations, performed while he was on active duty, and that his claim is therefore barred by *Feres*. The defendant further asserts that Yun Cha Wisniewski's claim should also be dismissed under *Feres*.

The plaintiffs make two arguments in opposition to the motion. First, they claim that Mr. Wisniewski's status was "tantamount to being discharged" when he underwent the two physical examinations, and that *Feres* therefore does not preclude his claim. The plaintiffs cite *Bankston v. United States*, 480 F.2d 495 (5th Cir. 1973), where the court denied the government's motion for summary judgment in an action by a serviceman under the Federal Tort Claims Act because the serviceman's status on the date of his injury could not be determined. The plaintiffs also present statements in their brief evidently designed to show that during the examinations Mr. Wisniewski, like Bankston, was effectively discharged.

▇ I reject this argument of the plaintiffs. The allegations of the complaint must be accepted as true for the purpose of this motion. The plaintiffs have alleged that Mr. Wisniewski "was a member of the United States Army for a period commencing February, 1966 through March, 1974," that he submitted to "discharge physical examinations" on March 22 and 24, 1974, and that he was discharged from the Army on April 1, 1974. The only reasonable inference that may be drawn from these allegations is that the plaintiff was on active duty when he underwent the two physical examinations.

▇ Unlike the claimant in *Brooks v. United States*, 337 U.S. 49, 52, 69 S.Ct. 918, 93 L.Ed. 1200 (1949), Mr. Wisniewski was not on furlough at the time of the alleged tort, and his claimed injuries arose in the course of activities which were incident to service. *Bankston v. United States* also lends no support to the plaintiffs' argument. In *Bankston*, the facts before the court did not show whether or not the serviceman was on active duty when he was injured. Here, the allegations show that Mr. Wisniewski was on active duty when he was examined. These considerations lead me to reject the plaintiffs' first argument.

The plaintiffs also argue that Mr. Wisniewski's reliance on the defendant's promise to notify him of the examination results continued after his discharge, and that *Feres* therefore does not preclude his claim. In making this argument, the plaintiffs contend that Mr. Wisniewski's injury arose when the defendant failed to give him timely notice of the examination results.

In attempting to apply the *Feres* principle to the case at bar, I find it necessary to conclude that the wrongs allegedly perpetrated against Mr. Wisniewski occurred at a time when the relationship of soldier to soldier existed. He was a member of the armed forces and on active duty on March 22, and 24, 1974, when both medical examinations were held and the alleged promises to notify were made. He was discharged from the service on April 1, 1974. If a tort involving medical malpractice was committed, it most reasonably occurred on March 22, March 24, or during the week thereafter. The 30 inch towel which was left inside the stomach of Mr. Jefferson was discovered *after* his discharge; nevertheless, the possibility of a continuing tort did not foreclose the proscription of suit under *Feres*. So too, in the matter at bar, the essential tort which is charged against the defendant by Mr. Wisniewski is a failure to disclose the result of examinations which were held a week or ten days before Mr. Wisniewski's discharge.

The claim of the plaintiff Yun Cha Wisniewski is based on her husband's allegations of negligence in diagnosis, treatment, and notification. For the reasons stated above, I believe that the motion to dismiss her claim must also be granted.

Therefore, IT IS ORDERED that the defendant's motion to dismiss be and hereby is granted.

IT IS ALSO ORDERED that the plaintiffs' action be and hereby is dismissed.