Earnest D. MILLER, Ruth P. Miller, Plaintiffs,

v.

UNITED STATES of America, Department of the Navy, Andres Hernandez, Jr., Defendants.

No. 77–1081C(3).

United States District Court, E. D. Missouri, E. D.

Oct. 16, 1978 and Nov. 14, 1978.

W. Dudley McCarter, Mann & Poger, St. Louis, Mo., for plaintiffs.

Joseph B. Moore, Asst. U. S. Atty., U. S. Dept. of Justice, St. Louis, Mo., for defendants.

MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon the motion of defendant United States of America for summary judgment. Plaintiffs brought this suit pursuant to the Federal Tort Claims Act, seeking damages for the death of their child, Lance Corporal Charles K. Miller. Plaintiffs allege that their decedent died while on liberty status when exiting by motor vehicle from Marine Corps Air Station, Kaneohe, Hawaii. Plaintiffs allege that defendant Hernandez, who was then on duty and was acting within the scope of his duty, wrongfully, negligently and unlawfully fired a shot in the direction of the decedent. The decedent was struck and died. Plaintiffs pray for damages of $1 million.

The facts herein have not been disputed. On September 19, 1976, decedent, while on liberty status, was traveling by car on the base of the Marine Corps Air Station at Kaneohe, Hawaii. He was observed running a stop sign by two Military Police who were patrolling the area. The Military Police pursued the decedent with flashing lights but were unable to detain him. Decedent accelerated his speed, and far exceeded the speed limit. As decedent approached the base exit gate, the sentries at the gate, who had been alerted, motioned for him to stop. Decedent continued through the gate, narrowly missing two sentries. As he passed through the gate, he was struck by a bullet fired by defendant Hernandez who was on duty at the time. Decedent was on base at the time he was shot, but continued traveling off of the base where his car finally stopped.

This Court agrees with the argument that *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) bars suit against the United States herein. In *Feres*, the Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service". *Id.* at 146, 71 S.Ct. at 159.

Subsequent decisions hold that the mere fact that the serviceman is on leave status at the time of injury does not preclude application of the *Feres* doctrine. *Chambers v. United States*, 357 F.2d 224 (8th Cir. 1966); *Camassar v. United States*, 531 F.2d 1149 (2d Cir. 1976); *United States v. Carroll*, 369 F.2d 618 (8th Cir. 1966); *James v. United States*, 358 F.Supp. 1381 (D.R.I. 1973). Instead, the crucial focus is

. . . not whether the serviceman was acting pursuant to orders at the time of the accident, but rather whether "[t]he peculiar and special relationship of the soldier to his superiors" was in effect at the time of the accident. [citation omitted] *United States v. Carroll, supra* at 621.

Under the facts herein, it is clear that the decedent was "subject to ultimate military control" at the time that his injuries were sustained. *Mills v. Tucker*, 499 F.2d 866, 868 (9th Cir. 1968). He was on the base, being pursued by Military Police for failure to stop. There can be no doubt but that the decedent was "under the jurisdiction of military security officers" at the time and thus *Feres* precludes this suit. *James v. United States, supra* at 1385. See also *Hale v. United States*, 452 F.2d 668 (6th Cir. 1971); *Downes v. United States*, 249 F.Supp. 626, 629 (E.D.N.C.1965).

Accordingly, the motion of the United States for summary judgment will be granted and this cause dismissed as to it. In accordance with Rule 54(b), Federal Rules of Civil Procedure, final judgment will be entered in favor of defendant United States of America. *Stencel Aero Engineering Corp. v. United States*, 431 U.S. 666, 669 at fn. 5, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977).

### MEMORANDUM

This matter is before the Court upon the motion of the United States Attorney to dismiss plaintiffs' complaint as to defendants Department of Navy and Andres Hernandez, Jr. On October 16, 1978, this Court granted summary judgment in favor of defendant United States of America. Plaintiffs brought this suit pursuant to the Federal Tort Claims Act, seeking damages for the death of their child, Lance Corporal Charles K. Miller. Plaintiffs' decedent died while leaving the Marine Corps Aid Station, Kaneohe, Hawaii when defendant Hernandez shot him. The details of the event are set forth in the October 16, 1978 order of this Court.

It is clear that the Department of Navy is not a proper party herein. Title 28 U.S.C. § 2679 provides that the remedy provided in the Federal Tort Claims Act lies exclusively against the United States. Thus, the Department of Navy will be dismissed.

Although the United States Attorney has not entered an appearance for defendant Hernandez, it is asserted that said defendant is immune from suit. In addition, it is urged that the Court lacks jurisdiction. Defendant Hernandez was served by serving the United States Marine Corps in the city of St. Louis.

In *Roach v. Shields*, 371 F.Supp. 1392 (E.D.Pa.1974), the court held:

It is established that members of the United States military service are immune from recovery, in suits brought by fellow members of the military service, for service-connected injuries caused by their negligent acts, either ministerial or discretionary in nature, performed in the line of duty. *Id.* at 1393.

In the October 16, 1978 memorandum and order, this Court concluded that the injuries which resulted in the death of plaintiffs' decedent were service-connected. It is clear from the facts herein that the acts of defendant Hernandez were performed in the line of duty. Thus, the Court concludes that said defendant is immune from suit.