116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Katherine GEORGE, individually and as next friend & natural
guardian of Michael, Karen & Kevin George, minors,
Plaintiff-Appellant,
v.
DEPARTMENT of the Army/NAF, United States of America,
Defendant-Appellee.
 No. 96-16406.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 20, 1997.
 
 Appeal from the United States District Court for the District of Arizona, D.C. No. CV-95-00790-ACM; Alfredo C. Marquez, District Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Katherine George appeals from the district court's dismissal of her Federal Tort Claims Act ("FTCA") action for lack of subject matter jurisdiction under Feres v. United States, 340 U.S. 135 (1950). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "The question of whether the Feres doctrine is applicable to facts reflected in the record of a case is a question of law reviewed de novo." Jackson v. United States, 110 F.3d 1484, 1486 (9th Cir.1997) (citation omitted).
 
 
 4
 The Feres doctrine bars FTCA claims brought against the United States if the plaintiff's injury arises out of activity incident to military service. See United States v. Johnson, 481 U.S. 681, 686 (1987). If a plaintiff alleges medical malpractice against a military hospital and had access to the medical services "solely by virtue of his status as a serviceman," we have consistently found the injuries to be "incident to service." See, e.g., Persons v. United States, 925 F.2d 292, 296 (9th Cir.1991) (citation omitted). "Feres bars suits for medical malpractice even when the treatment was not for military-related injuries." Jackson, 110 F.3d at 1489 (citations omitted).
 
 
 5
 George's decedent, Sergeant James George, was on permissive temporary duty when he was injured. Thus, even if he was "off duty" and nearing retirement, he remained on active duty in the United States Army and had not been discharged. See Army Regulation 630-5; see also Henninger v. United States, 473 F.2d 814, 816 (9th Cir.1973) (stating that "[h]owever close to discharge Henninger was at the time of his injury, he was still on active status, and may not bring this [medical malpractice] action."). Here, the complaint alleged that medical personnel at an army hospital committed malpractice in treating Sergeant George. Because he was treated at an army hospital solely by virtue of his status as a serviceman, his injuries were incident to military service. See Persons, 925 F.2d at 296.
 
 
 6
 Accordingly, the Feres doctrine bars George's action. See id.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3