Colleen Therese **MILLS** et al.,
Plaintiffs-Appellees,

v.

Robert **TUCKER** et al., Defendants,

and

United States of America,
Defendant-Appellant.

Colleen Therese **MILLS** et al.,
Plaintiffs-Appellants,

v.

Robert **TUCKER** et al., Defendants-
Appellees.

Nos. 72–2702, 72–2811.

United States Court of Appeals,
Ninth Circuit.

June 10, 1974.

Judith S. Feigin (argued), Walter H.
Fleischer, Eloise E. Davies, Civil Div.,

Dept. of Justice, Washington, D. C., Robert K. Fukuda, U.S. Atty., Honolulu, Hawaii, for the United States.

Burnham H. Greeley, Honolulu, Hawaii (argued), for Colleen Therese Mills et al.

Kenneth S. Robbins (argued), Jeffrey N. Watanabe, Honolulu, Hawaii, Walter S. Kirimitsu, Wahiawa, Hawaii, Hoken Seki, Chicago, Ill., Robert K. Fukuda, U.S. Atty., Honolulu, Hawaii, for Robert Tucker et al.

Before DUNIWAY, CHOY and SNEED, Circuit Judges.

## OPINION

PER CURIAM:

Griffith Mills was killed in a 1969 traffic accident which occurred on West Loch Access Road on Oahu, Hawaii, a roadway maintained by the United States Navy and adjacent to the West Loch Naval Ammunition Depot. Mills, who was a petty officer in the Navy stationed at Hickam Air Force Base, was riding his motorcycle when he was struck head-on by a car driven by Robert Tucker, which was attempting to pass another automobile. Mills' widow, children and personal representative sued Tucker, the Government for negligently maintaining the road, and Accessory Distributors, the distributor of the helmet Mills was wearing, alleging the helmet was defective and contributed to the severity of the head injuries that caused Mills' death. After a non-jury trial, the district court found both Tucker and the Government liable and apportioned damages of $153,149.91 between them. Accessory Distributors, however, was held not to be liable. The Government has appealed contesting its liability, while the plaintiffs have appealed contending that the damages awarded were inadequate and that it was error to hold the helmet distributor harmless. We affirm.

*The* Feres *Doctrine*

The Government urges that it was immune under the doctrine of Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). There, the Court held that the Government is not liable under the Tort Claim Act, 28 U.S. C. §§ 1346(b), 2674, to a military serviceman "where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146.

Though the *Feres* doctrine has been the source of much confusion,[1] this case presents no such difficulties. The Government, although sued by a serviceman, is not immune where the "injuries [are] not caused by [the plaintiff's] service except in the sense that all human events depend upon what has already transpired." Brooks v. United States, 337 U.S. 49, 52, 69 S.Ct. 918, 920, 93 L.Ed. 1200 (1949); *accord,* United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954). In the words of the *Feres* Court, there is no immunity where the injury does not arise out of a course of activity incident to service. In *Brooks* two servicemen were involved in an accident with an Army truck while on furlough and riding off base in a private vehicle. The Court held the Government could not escape liability.

Here, Mills was on furlough on the day of the accident; he was returning from a civilian job, in which he was "moonlighting" as a fry cook, to his Navy-owned quarters where he was to attend his son's birthday party. He was thus in the same situation as the serviceman in *Brooks*—only in the remotest sense subject to military discipline. *Compare* Callaway v. Garber, 289 F.2d 171 (9th Cir.), cert. denied, 368 U.S. 874, 82 S.Ct. 120, 7 L.Ed.2d 76 (1961) (Government immune where serviceman traveling under orders between duty posts) *with* Herreman v. United States, 476 F. 2d 234 (7th Cir. 1973) *and* Archer v. United States, 217 F.2d 548 (9th Cir.

1. *See* Hale v. United States, 416 F.2d 355 (6th Cir. 1969); Garsley v. United States, 232 F. Supp. 614 (D.Colo.1964).

1954), cert. denied, 348 U.S. 953, 75 S. Ct. 441, 99 L.Ed. 745 (1955) (both: servicemen's deaths occurred in crashes of military aircraft while decedents were not on duty; Government held immune).

■■ True, as the Government correctly argues, the fact that a serviceman was off duty or on leave is not always dispositive. *See, e. g.*, Chambers v. United States, 357 F.2d 224 (8th Cir. 1966); Coffey v. United States, 324 F. Supp. 1087 (S.D.Cal.1971), aff'd per curiam, 455 F.2d 1380 (9th Cir. 1972); Gursley v. United States, 232 F.Supp. 614 (D.Colo.1964). But such cases involve *on base* accidents where the serviceman is at least subject to ultimate military control. Coffey v. United States, *supra* at 1088. Here, the roadway was not part of the Naval depot. Bounded on one side by privately owned farmland and fenced off from the base on its other side, the road is publicly used. Drivers need not pass through a gate to reach it, and it connects different civilian areas. This case, thus controlled by *Brooks*, falls on the other side of the line of Henninger v. United States, 473 F.2d 814, 816 (9th Cir.), cert. denied, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973). The *Feres* doctrine does not apply.

### Damages

■ The plaintiffs complain that the damages were inadequate in a number of respects. The Hawaii statute applicable to a survivors' action specifies that "such damages may be given as under the circumstances shall be deemed fair and just compensation, with refer-

2. State law, of course, controls this point under the Tort Claims Act. *See* 28 U.S.C. §§ 1346(b), 2674.

3. At the same time, income taxes were not deducted from the award. *See* United

ence to the pecuniary injury and loss of love and affection. . . . " Haw. Rev.Stat. § 663–3 (1968).[2] The damages awarded consisted of pain and suffering, loss of love and affection, and loss of support. While the trial judge may not have been entirely accurate in computing retirement benefits, in failing fully to account for inflation and job promotion, and in discounting the award to the date of death instead of judgment,[3] it is the total award, not its particulars, which is significant under this statute, and, as the fairness objective of the statute would indicate, the total need only be reasonably certain. Ginoza v. Takai Electric Co., 40 Haw. 691, 704–707 (1955); *cf.* Nakagawa v. Apana, 52 Haw. 379, 390, 477 P.2d 611, 617–618 (1970); Lima v. Tomasa, 42 Haw. 478, 482–484 (1958). That was precisely this court's holding in United States v. Furumizo, 381 F.2d 965, 970–971 (9th Cir. 1967), a survivors' action governed by the same Hawaii law.

> [W]e must remember that the ultimate total damage figure awarded is the sum of a series of predictions, none of which involves mathematical certainty, and that it is the reasonableness of the ultimate figure that is really in issue. . . .

*Id.* at 970. As in *Furumizo*, we cannot say the trial judge clearly erred under this standard.

### Liability of Helmet Distributor

On this point the district judge concluded, *inter alia*, that any assumed deficiencies in the helmet were not proximate causes of Mills' injuries. That finding was not clearly erroneous.

Affirmed.

States v. Furumizo, 381 F.2d 965, 971 (9th Cir. 1967); *but cf.* Greene v. Texeira, 54 Haw. 231, 244–246, 505 P.2d 1169, 1177–1178 (1973) (Levinson, J., dissenting).