Lawrence J. Teker, Trapp, Gayle, Teker, Lacy & Moore, Agana, Guam, for plaintiffs-appellants.

Eloise E. Davies, Washington, D. C., argued for defendant-appellee; Freddi Lipstein, Washington, D. C., on the brief.

**Robert L. VEILLETTE and Marie P. Veillette, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 78–1819.

United States Court of Appeals, Ninth Circuit.

March 17, 1980.

Before KENNEDY and FLETCHER, Circuit Judges, and HANSON,* District Judge.

FLETCHER, Circuit Judge:

The parents of Airman 1st Class Richard Veillette appeal from the dismissal of their wrongful death action brought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1976 & Supp.1979) for alleged negligence by the doctors and employees at a United States Navy hospital on Guam. The district court held that the action was barred

* Honorable William C. Hanson, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

under the rule of *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Reluctantly, we affirm.

## FACTS

Airman Veillette, stationed on active duty at Anderson Air Force Base, Guam, went for a motorcycle ride with a companion while off-duty in the early evening of January 10, 1976. The motorcycle collided with a truck on a road outside the military reservation. Both riders were injured and taken by ambulance to the United States Navy Regional Hospital in Agana, Guam. Airman Veillette died of a ruptured aorta approximately four and one-half hours after his arrival at the hospital.

Veillette's parents brought a wrongful death action against the United States under the Federal Tort Claims Act, alleging negligence by the hospital staff in the care and treatment of their deceased son. The government moved to dismiss the suit for lack of jurisdiction and failure to state a claim because Veillette was a member of the Air Force on active duty whose death was incident to service and thus the suit was barred under the Tort Claims Act by the *Feres* doctrine. The district court dismissed the action with prejudice and plaintiffs appealed to this court.

## THE FERES DOCTRINE

In *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the United States Supreme Court created an exception to the government's general consent to suit in the Tort Claims Act, holding that the government is not liable for injuries to servicemen "where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159.[1] The court advanced three reasons for limiting the scope of the Tort Claims Act. First, as it is the rationale of the Act that the United States incur liability paralleling that of a private citizen in the same circum-

stances, and no American law has ever permitted a serviceman's recovery against superior officers or the government, it could not have been the intent of Congress to impose liability for negligence where before there was none. Second, the relationship of military personnel and the government is uniquely federal and should not be intruded upon by claims based on local tort law. Third, Congress has enacted generous death and disability benefits for members of the armed forces and their families. 340 U.S. at 141–45, 71 S.Ct. at 156–58.

A year before the *Feres* decision the Supreme Court in *Brooks v. United States,* 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949) allowed a suit against the government for the death of one serviceman and injuries to another caused when the automobile in which they were riding was struck by an Army truck. The servicemen were on leave and outside a military reservation when the accident occurred. The court held that their injuries were not incident to service.

In *Brown v. United States,* 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954), a discharged veteran had undergone treatment at a Veterans Administration hospital for a knee injury sustained while he was on active duty. Brown alleged that negligent treatment by hospital personnel had caused permanent injury to his leg. The court, distinguishing *Brooks* from *Feres* and according talismanic significance to the "incident to service" language, found *Brooks* controlling and allowed the suit. In its analysis the court discerned a policy rationale for the holding in *Feres*: "the peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline and the extreme results that might obtain if suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed in the course of military duty." 348 U.S. at 112, 75 S.Ct. at 143.

---

1. *Feres* was actually a consolidation of three separate cases, one case involving a sleeping soldier who died in a barracks fire allegedly caused by negligence and the other two cases involving soldiers who were injured by alleged malpractice while hospitalized in military hospitals.

## THE FERES DOCTRINE AND MEDICAL MALPRACTICE CLAIMS

Despite the Supreme Court's gloss on *Feres* in the *Brown* decision suggesting that the bar to suits for injuries arising incident to service rests on a policy of avoiding litigation that would have a disruptive effect on military discipline or morale, the courts of appeals have not read the doctrine so narrowly.[2] Indeed, as this court noted in *United States v. Lee*, 400 F.2d 558, 563–64 (9th Cir. 1968), *cert. denied*, 393 U.S. 1053, 89 S.Ct. 691, 21 L.Ed.2d 695 (1969), the explanation in *Brown* did not wholly account for the result in *Feres*. Thus allegations of medical malpractice, the basis of two of the claims rejected in *Feres*, have consistently been held to fall within the bounds of the doctrine when the plaintiff was a serviceman on active duty at the time of the alleged malpractice. *See, e. g., Henninger v. United States*, 473 F.2d 814 (9th Cir.), *cert. denied*, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973); *Knoch v. United States*, 316 F.2d 532 (9th Cir. 1963); *Vallance v. United States*, 574 F.2d 1282 (5th Cir.), *cert. denied*, 439 U.S. 965, 99 S.Ct. 453, 58 L.Ed.2d 423 (1978); *Peluso v. United States*, 474 F.2d 605 (3d Cir.), *cert. denied*, 414 U.S. 879, 94 S.Ct. 50, 38 L.Ed.2d 124 (1973); *Lowe v. United States*, 440 F.2d 452 (5th Cir.), *cert. denied*, 404 U.S. 833, 92 S.Ct. 83, 30 L.Ed.2d 64 (1971).

Appellants seek to escape the force of *Feres* and the line of cases barring medical malpractice claims by arguing that the injuries which occasioned Veillette's hospitalization occurred off the base while he was off duty. They contend that *Brooks* and not *Feres* is the controlling precedent and cite *Mills v. Tucker*, 499 F.2d 866 (9th Cir. 1974), a case in which this court relied on *Brooks* to affirm a judgment against the government in favor of a serviceman's survivors. The decedent had been killed in a traffic accident on a public road maintained, allegedly negligently, by the Navy. When the accident occurred the decedent was returning from a civilian job to his Navy-owned quarters for his son's birthday party.

The case before us, however, is distinguishable from *Brooks* and *Mills* : the situs of the motorcycle accident is not a pertinent or controlling fact. It is the theory of this suit that Airman Veillette's death was attributable to the negligence of personnel at the Navy hospital and not to the negligence of the truck driver or the condition of the road. *See Buer v. United States*, 241 F.2d 3 (7th Cir. 1956), *cert. denied*, 353 U.S. 974, 77 S.Ct. 1059, 1 L.Ed.2d 1136 (1957). *Feres*, not *Brooks*, is the applicable precedent.

Likewise we must reject appellants' argument that Airman Veillette's injuries were not incident to service because civilians as well as military personnel are sent to the Naval hospital on Guam. Although the fact that civilians are admitted to the hospital indicates that Veillette was not treated there *solely* because of his status, *see Shults v. United States*, 421 F.2d 170 (5th Cir. 1969), it does not follow that Veillette's treatment there was not incident to his military service.

Appellants' contention regarding civilian use of the hospital, though not dispositive, does serve to draw our attention to the anomalies created by the court-made exception to the Tort Claims Act. Nonetheless, unless Congress acts to limit or abrogate the *Feres* doctrine, we must continue to draw a line between military personnel and civilians in cases such as the one before us.

The decision of the district court is

AFFIRMED.

2. We recently discussed the evolution of the *Feres* rule in *Troglia v. United States*, 602 F.2d 1334 (9th Cir. 1979), tracing its extension and modification by the courts of appeal.