**Stephen P. LAUER, Plaintiff, Appellee,**

v.

**UNITED STATES of America, Defendant, Appellant.**

**No. 91–2224.**

United States Court of Appeals, First Circuit.

Heard May 7, 1992.

Decided July 13, 1992.

---

Lowell V. Sturgill, Jr., Appellate Staff, Civ. Div., Dept. of Justice, with whom Stuart M. Gerson, Asst. Atty. Gen., Daniel F. Lopez–Romo, U.S. Atty., and Robert S. Greenspan, Appellate Staff, Civ. Div., Dept. of Justice, were on brief for defendant, appellant.

Mark B. Frost with whom Herbert W. Brown was on brief for plaintiff, appellee.

Before BREYER, Chief Judge,
ALDRICH and COFFIN, Senior Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

On Friday afternoon, October 31, 1986, Federal Tort Claims Act, 28 U.S.C. § 2674, plaintiff Stephen P. Lauer, a Naval enlistee stationed at the Roosevelt Roads Naval Station in Puerto Rico, became at liberty until Monday morning. He remained at the base, but in the evening, after some beers, he joined a number of others to take a bus, where he drank more, to No. 1 Gate, and then set out to walk to Don's Lighthouse, a public bar frequented by servicemen. This meant a long walk along Tarawa Road, an asphalt road owned, maintained, and patrolled, by the Navy because it was a main access to the base. There was no sidewalk, but a grassy shoulder. The shoulder was uneven and sloping, so that it was customary to walk on the road. Plaintiff was with a group, some of whom walked ahead of him, but all were on the right side, with the flow of traffic. Rejecting the testimony of the driver of the car that ultimately struck plaintiff, who said that plaintiff was in the middle of the road, and of a serviceman who said that he had three times called to plaintiff, who "had some difficulty walking," to leave the middle, the court found that plaintiff was on the far right.[1] Wherever plaintiff was, the road was unlighted, and the driver of the automobile coming from behind at a proper rate of speed did not see him soon enough to avoid a serious contact. Plaintiff blames this on the Navy's negligence in failing to light the road.

The court found negligence, and the sole question on the government's appeal is whether plaintiff's claim must fail in light of *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). After a discussion of the policy reasons applicable to military personnel the *Feres* court "conclude[d] that the government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. The district court, noting that the JAGMAN decision, n. 1, ante, had denied plaintiff Veterans benefits because his injuries were not incurred "in the line of duty,"[2] equated this phrase with *Feres'* "incident to service;" viz., plaintiff was not service-barred. 773 F.Supp. 527, 533 (D.P.R.1991).

Finding this equivalency was error, the latter phrase is manifestly more inclusive.[3] Also error was the court's statement that

---

1. While the issue is not before us, the court also rejected the Navy's JAGMAN investigation findings of gross negligence because of intoxication and "walking with the flow of traffic which is incorrect for pedestrian traffic," and found plaintiff not guilty of contributory negligence. It stated that this was plaintiff's first time on the road, and he could not walk further over due to the fact that a British sailor was on his right.

2. "5. Due to his gross negligence and intoxication, BUCA Lauer's injuries were incurred not in the line of duty and due to his own misconduct."

3. incident: occurring or likely to occur, esp. as a minor consequence or accompaniment; associated or naturally related.
   Webster's Third Internat. Dict.

we had held in *Morey v. United States*, 903 F.2d 880 (1st Cir.1990), "that the act of walking away from one's station of duty while on liberty, renders accidents which occur, 'not incident to military service.'" 773 F.Supp. at 533. We did not. Rather, we held that "returning to his ship was an activity incident to military service, despite the fact that he was returning from nonmilitary activity," 903 F.2d at 882, and made no suggestion that departing for would differ from returning from.

Following *Feres*, courts have observed the importance of having military discipline unreviewable by courts. *Mills v. Tucker*, 499 F.2d 866 (9th Cir.1974). Conduct of the military, however, goes far beyond discipline in the narrow sense. In *United States v. Shearer*, 473 U.S. 52, 57, 105 S.Ct. 3039, 3043, 87 L.Ed.2d 38 (1985), the Court spoke against "second guess[ing] *military decisions* and whether the suit might impair essential military discipline." (Emphasis supplied). This is not a mere automobile accident case, *see, e.g., Pierce v. United States*, 813 F.2d 349 (11th Cir.1987); the question of whether to light a highway is a military decision. *Morey* is directly in point. There we held barred a claim that the Navy failed to provide sufficient patrols around a pier and hence failed to rescue plaintiff when he fell off when returning to his ship. We said, 903 F.2d at 882,

> Morey's other contention, that the Navy was negligent or reckless in failing to provide sufficient security around the pier, likewise implicates questions of military decision making, such as the proper allocation of security forces and the proper supervision of such forces.

To continue with incident to service, and the alleged difference between leaving for recreation and returning therefrom, liberty recreation is part of the normal everyday life of a serviceman. This does not mean that all recreation is incident to service, *cf. Rodrigue v. United States*, 968 F.2d 1430 (1st Cir.1992), decided this day (swimming, 25 miles from base), but traveling for that purpose on a road appurtenant to the base

was exactly what the Navy anticipated and had decided how to provide for. We compare *Mills v. Tucker, ante*. There a serviceman returning to his base while on furlough suffered an automobile accident allegedly due to a defective road maintained by the Navy. The road was used as a public way and served not his base, but other Naval property. In holding that his travel thereon was not incident to service the court reasoned that he was not "subject to ultimate military control." Using this test the Ninth Circuit would decide here on the basis of whether the serviceman was inside or outside the gate. *Coffey v. United States*, 455 F.2d 1380 (9th Cir. 1972) (per curiam affirming on opinion below). We do not believe such control to be the *Feres* test, *see Shearer, ante*, as we demonstrated in *Morey*, although actually we would have reached the *Mills* result. The *Mills* road was independent of the serviceman's base, and he was using it as a member of the general public. *Cf. Brooks v. United States*, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949). Here the court was reviewing what plaintiff had been directly supplied as a serviceman. Its adequacy was not for the court to measure.

*Reversed.*

Compare,
  incidental: likely to happen or naturally appertaining (usually followed by *to* ).

Random House Dict.