Val John GREEN, Plaintiff,

v.

Gordon L. HALL, Personal Representative of the Estate of Michael D. Coffman; The Estate of Michael D. Coffman, Richard M. Robertson; and The Salvation Army, a non-profit corporation, Defendants,

Gordon L. HALL, Personal Representative of the Estate of Michael D. Coffman; The Estate of Michael D. Coffman, Richard M. Robertson; and The Salvation Army, a non-profit corporation, Third–Party Plaintiffs,

v.

UNITED STATES of America, Third Party Defendant.

No. CV 91–595–PA.

United States District Court, D. Oregon.

Feb. 6, 1995.

Phillip D. Chadsey, Tracy J. White, Stoel, Rives, Boley, Jones & Grey, Portland, OR, for defendants/third-party plaintiffs Gordon L. Hall and Estate of Michael D. Coffman.

Mark R. German, Claims Atty., Dept. of Army Headquarters, I Corps and Fort Lewis, Fort Lewis, WA, Kristine Olson Rogers, U.S. Atty., D. Or., William W. Youngman, Asst. U.S. Atty., Portland, OR, for U.S.

## OPINION

PANNER, District Judge.

Plaintiff Val Green brings this negligence action against defendants Gordon Hall, personal representative of the estate of Michael Coffman, and the estate of Michael Coffman (collectively, "the estate"). Only the United States' claim against the estate for the cost of plaintiff's medical treatment remains. The parties have filed cross-motions for summary judgment. I grant the United States' motion and deny the estate's motion.

## BACKGROUND

I. The Accident

Plaintiff and Coffman served together in an Army Reserve unit. Their unit had a weekend training drill set for Friday, July 7 through Sunday, July 9, 1989.

On Saturday morning, July 8, plaintiff and Coffman decided to drive off base in Coffman's car. Coffman ran a red light and

collided with a truck. Coffman was killed and plaintiff suffered serious head injuries.

## II. Line of Duty Determination

Major Paul Henderson, plaintiff's commanding officer, determined that plaintiff was entitled to paid medical treatment under 10 U.S.C. § 1074a because he was injured in the line of duty. Henderson explained his reasoning:

> Our unit was in an Inactive Duty Training status that weekend. It was one of our regular weekend drills which we normally have each month. All members of our unit which attended that drill weekend were in an official status as members of the U.S. Army Reserve. For all intents and purposes, we were soldiers and were subject to the Uniform Code of Military Justice for that entire weekend, to include our "off-duty" time.

Government's Concise Statement of Facts, Exh. 2 (Henderson Affidavit) at 2. The Secretary of the Army approved Henderson's certification.

## III. The United States' Claim for Plaintiff's Medical Expenses

Plaintiff was treated at a private hospital in Portland and at an Army hospital in Fort Lewis, Washington. The United States seeks a total of $37,389.64 for plaintiff's medical treatment.

Mark German, an attorney for the Army, determined that the estate was probably liable for plaintiff's injuries. Because the United States may seek reimbursement from a tortfeasor if the United States was required to pay the victim's medical expenses, German sent a demand letter to the estate's insurer. *See* Medical Care Recovery Act, 42 U.S.C. §§ 2651–2653.

German also asked plaintiff's attorney Thomas Flaherty to represent the United States' interests in an action against the estate. In April 1991, Flaherty agreed. The United States' form representation agreement provided that "[e]ither party may withdraw ... upon 30 days written notice, provided that withdrawal does not materially prejudice the case." Government's Concise Statement, Exh. 4 (German Declaration), Exh. C, at 1.

In July 1991 Flaherty filed an administrative tort claim for plaintiff against the United States. German and Flaherty acknowledged in conversation that plaintiff's claim against the United States created an obvious conflict, effectively revoking Flaherty's agreement to represent the United States. However, neither plaintiff nor the United States executed a written revocation.

In July 1992, the United States appeared on its own in this litigation. In August 1994, this court granted the United States' motion for separate trials. On October 10, 1994, plaintiff settled with the estate.

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

The substantive law governing a claim or defense determines whether a fact is material. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987). The court should resolve reasonable doubts about the existence of an issue of material fact against the moving party. *Id.* at 631. The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. *Id.* at 630–31.

## DISCUSSION

## I. The Estate's Motion for Summary Judgment

The estate argues that (1) the United States was not "authorized or required by law" to pay plaintiff's medical expenses because plaintiff was not injured in the line of duty; and (2) the United States' claim against the estate was subsumed in the set-

tlement agreement between the estate and plaintiff. Both arguments are meritless.

### A. Payment of Plaintiff's Medical Costs Was Authorized

#### 1. The *Feres* Doctrine Does Not Apply to Line of Duty Determinations

■ The estate contends that the United States was not obligated to pay plaintiff's medical expenses because he was not injured in the line of duty. The estate argues that because (1) the collision was not "incident to service" under the doctrine announced in *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950), and (2) "incident to service" is broader than "in the line of duty," (3) plaintiff could not have been injured in the line of duty if the collision was not incident to service. However, a service member's entitlement to medical benefits for an injury suffered "in the line of duty" under 10 U.S.C. § 1074a is completely separate from whether the injury was "incident to service" under the *Feres* doctrine. The *Feres* doctrine is irrelevant here.

The estate cites *Lauer v. United States,* 968 F.2d 1428, 1429 (1st Cir.1992), in which the court held that "incident to service" was broader than "in the line of duty." However, neither *Lauer* nor *Mattos v. United States,* 412 F.2d 793, 794 (9th Cir.1969), also cited by the estate, addressed line of duty determinations.

#### 2. The Line of Duty Determination Was Reasonable

■ The estate also contends that the Army was not justified in finding that plaintiff was injured in the line of duty. I conclude that the Army's determination was not arbitrary or capricious.

The Army considers a soldier who is injured while on inactive-duty training to be in the line of duty unless the soldier caused his own injury through "gross negligence or misconduct." 10 U.S.C. § 1074a(a) & (c); Government's Concise Statement of Facts, Henderson Affidavit; German Declaration, Exh. E (Army regulations for line of duty determinations). The Army's interpretation of the statute, as applied here, is not unreasonable because plaintiff was subject to military discipline for the entire weekend, regardless of his location.

The estate notes that the Army's line of duty investigation found that plaintiff and Coffman left the base in part to pick up training materials at plaintiff's residence. The estate argues that the Ninth Circuit "successfully impeached" this finding when it held that the trip was not service-related. *See Green v. Hall,* 8 F.3d 695, 700 (9th Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 58, 130 L.Ed.2d 16 (1994). However, the reason for the trip, although relevant to determining the scope of employment, has little bearing on whether plaintiff was in the line of duty. *See id.,* 8 F.3d at 699 n. 3 ("[t]he Army's administrative finding that Coffman was acting 'in the line of duty' " was "irrelevant" to whether Coffman was acting within the scope of his employment under Oregon law).

### B. Government's Agreement with Plaintiff

■ The estate argues that because it never received written notice that the United States and Flaherty considered their April 1991 agreement revoked, it was entitled to assume that Flaherty continued to represent the interest of the United States when plaintiff settled his claims against the estate in October 1994. Because the estate's settlement agreement with plaintiff binds "all Parties represented by or claiming through" plaintiff, the estate argues that the settlement agreement eliminated the United States' claim for medical expenses. The estate also contends that it relied on plaintiff's inclusion of a claim for medical expenses in his Second Amended Complaint.

The estate seems to consider itself a third-party beneficiary of Flaherty's agreement to represent the United States, entitling the estate to notice if the agreement was revoked. However, when *A* agrees to represent *B's* interest in litigation against *C,* I don't think that *C* should be considered a third-party beneficiary of the agreement.

■ Even if the estate were somehow entitled to notice, it could not reasonably rely on the lack of a written revocation. In July

1992, the United States entered this litigation on its own. In August 1994, this court granted the United States' motion for separate trials. By the time plaintiff settled with the estate in October 1994, it should have been patently obvious to all parties that the United States was litigating independently of plaintiff. Under these facts, no competent attorney would believe that plaintiff's attorney still represented the interest of the United States or that the United States would be bound by a settlement agreement which it did not sign.

II. The United States' Motion for Summary Judgment

The United States has shown that it was required to pay plaintiff's medical expenses, and that plaintiff was "injured ... under circumstances creating a tort liability upon some third person." 42 U.S.C. § 2651(a). The estate does not contend that the claimed medical expenses were unreasonable or unjustified.

## CONCLUSION

The United States' motion for summary judgment (# 218) is granted. The estate's motion for summary judgment (# 221) is denied.