Leon FLEMING, Plaintiff,

v.

## UNITED STATES POSTAL SERVICE and Danny Caughron, Sr., Defendants.

No. Civ.A. 3:97CV–104–H.

United States District Court,
W.D. Kentucky.

Feb. 23, 1998.

Timothy R. McCarthy, Nutt & Mayer, Louisville, KY, for Plaintiff.

Richard A. Dennis, Asst. U.S. Atty., Louisville, KY, for Defendants.

### MEMORANDUM OPINION

HEYBURN, District Judge.

Plaintiff is an active duty member of the armed services who lived off base. Early

one morning, while driving to his duty station at the Ireland Community Hospital in Fort Knox, Kentucky, Plaintiff had a car accident with an employee of the United States Postal Service. Whether Plaintiff was heading directly to work or on his way to have breakfast before going to work is unclear.[1] Nevertheless, his ultimate destination was the hospital for work that morning. Plaintiff sued the Postal Service under the Federal Tort Claims Act. 28 U.S.C. § 2671, *et seq.* Defendant has moved for dismissal due to lack of subject matter jurisdiction since a "service member cannot recover under the Federal Tort Claims Act when he experiences injuries that 'arise out of or are in the course of his activities incident to service.'" *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

## I.

The *Feres* doctrine raises the deceptively simple question of whether Plaintiff's injuries occurred in the course of his activities incident to service. There is no bright-line test used to determine when an injury occurred incident to service, but courts find the presence or absence of certain facts helpful. The Fifth Circuit seems to have developed the most structured analysis for *Feres* doctrine issues. It has identified three important criteria: the duty status of the serviceman, location of the accident, and activity the service member was engaged in when injured. *See Parker v. United States,* 611 F.2d 1007, 1013 (5th Cir.1980). These are consistent with the various factors used by the Sixth Circuit. *See e.g. Woodside v. United States,* 606 F.2d 134 (6th Cir.1979) (The court considered whether serviceman is injured while performing an assigned military duty, subject to military discipline, injured on a military base or military hospital and the duty status of an active duty serviceman.).

Claims by a service member injured while on active duty are often barred by the FTCA. Even claims by service members injured while 'off-duty,' but not on leave or furlough are generally barred by the FTCA.

*See Parker v. United States,* 611 F.2d at 1013. *Cf. Barnes v. United States,* 103 F.Supp. 51 (W.D.Ky.1952) (Plaintiff's serviceman-decedent was on pass at the time of the car accident, but his furlough was to begin the next day. The court held that Plaintiff was not injured incident to service.). Referring to the United States Supreme Court, the Sixth Circuit has commented:

> [T]he Court has embarked on a course dedicated to broadening the *Feres* doctrine to encompass, at a minimum, all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military, without regard to the location of the event, the status (military or civilian) of the tortfeasor, or any nexus between the injury-producing event and the essential defense/combat purpose of the military activity from which it arose.

*Major v. United States,* 835 F.2d 641, 644–45 (6th Cir.1987). The Sixth Circuit obviously believes the Supreme Court's intention is to sweep into the exception most FTCA claims brought by military personnel. *See Id.* at 645 (where the court expresses some amazement at how broadly it tends to apply the rule).

The material facts are undisputed. Plaintiff was an active duty serviceman. He was not on leave or furlough at the time of the accident. He was off duty only because he lived off base and had not arrived to work yet. The accident occurred as he drove to base expecting to fulfill that day's duties. Plaintiff was subject to military discipline if he failed to report for work. The accident occurred off the base. In this case, that the accident occurred off base does not make it any less incident to Plaintiff's military service. The location of the accident does not outweigh all other factors. These facts seem to fall squarely within those circumstances to which the *Feres* doctrine applies.

## II.

Plaintiff cites *Parker* for his argument that his claims are not barred by the FTCA. In *Parker* the decedent was killed in a car acci-

---

**1.** The accident occurred at 5:40 a.m. Plaintiff was scheduled to arrive at work by 8:00 a.m. and the drive usually takes Plaintiff 45 minutes.

Defendant's affidavit claims that Plaintiff normally arrives at work between 6:00 a.m. and 6:30 a.m.

dent when he was driving home from the base. The Fifth Circuit held that the activity was not incident to service. However, unlike Plaintiff, the serviceman in *Parker* had received permission to be absent from his regular duties for four days and five nights. The court commented that "[w]hile Parker technically might not have been on a 'furlough' or 'pass,' his exercised right to be absent for four days was actually more like a furlough than mere release from the day's duties." *See Parker v. United States*, 611 F.2d 1007, 1014 (5th Cir.1980). Plaintiff's status seems to come under the category of 'release from the day's duties,' which the Fifth Circuit implied would bar his claims.

In these circumstances, being injured while on the base was not significant enough to bring Parker within the *Feres* doctrine. Although being injured on the base would normally work against a plaintiff, the court was impressed with the fact that Parker "had a four day pass [and] had no further business on the base." *Id.* It posited that a "distinction can be drawn between those cases involving activities arising from life on the military reservation, and those in which presence on the base has little to do with the solider's military service." *Id.*

True, and to his favor, Plaintiff was not injured on the base. However, this fact is less important than others. He was on his way to the base. Even more important, he had business to conduct on base. Driving to work with the intention of performing one's assigned duties is significantly different from the situation in *Parker* where the serviceman had a four day pass, was driving through the base almost by happenstance and was intending to help his family move to a new house. Plaintiff's destination was the military hospital and his objective was to fulfill his military duties.

Plaintiff also relies on *Mills v. Tucker*, 499 F.2d 866 (9th Cir.1974) where a service member had a car accident when returning to his navy owned quarters and the Ninth Circuit held that the claims were not barred by the *Feres* doctrine. However, the *Mills* service member was on furlough at the time of the accident. Furthermore, he was going to the base to attend his son's birthday party; he

was not intending to commence his military duties and no one was expecting him to be working.

Plaintiff argues in the alternative that because the tortfeasor was an employee of the United States Postal Service, the *Feres* doctrine is not applicable. This argument has been expressly rejected by the Supreme Court. *See United States v. Johnson*, 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987). In a related discussion, Plaintiff contends that the most important policy behind the *Feres* doctrine is to prevent judicial interference in military matters and that policy will not be furthered by applying *Feres* in this case.

There are three policy reasons for the doctrine: (1) the federal relationship between serviceman and government; (2) the more than adequate compensatory system available to service members regardless of fault; (3) the effect FTCA suits may have on military discipline and soldier-superior relationships. *See Stencel Aero Engineering Corp. v. United States*, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977). Arguably, only the third rationale would not be furthered in this instance. No cases suggest that all three reasons must be present in order to apply the *Feres* doctrine. The cases cited by Plaintiff emphasizing the third objective are cases where inquiry into military matters would be necessary and barring the FTCA claim was justified for that reason. *See Skees v. United States*, 107 F.3d 421 (6th Cir.1997) (where soldier committed suicide and plaintiff sued United States for negligently allowing her husband's death) and *Major v. United States*, 835 F.2d 641 (6th Cir.1987) (where service member was injured in a motorcycle accident caused by drivers who had been drinking at an on base party).

Plaintiff has tapped into the general anxiety surrounding the application of the *Feres* doctrine. Courts genuinely doubt the 'sound' policy reasons behind the rule, and have criticized the doctrine for that and many other reasons. *See e.g. Major v. United States*, 835 F.2d at 645; *see generally Parker v. United States*, 611 F.2d 1007 (5th Cir. 1980). However, the Court is bound to follow the law as it now stands. That law

clearly supports application of the *Feres* doctrine in these circumstances.

The Court will enter an order consistent with this Memorandum Opinion.

## ORDER

Defendants have moved to dismiss. After thoroughly reviewing the memoranda and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final and appealable order.