Victor D. TORRES–MORALES,
et al., Plaintiffs

v.

UNITED STATES Of America,
et al., Defendants.

Civil No. 05–2014 (JP).

United States District Court,
D. Puerto Rico.

Oct. 26, 2007.

Dennis J. Cruz–Pérez, Esq., Cruz, Rivera & Alvarez Westwood Law Office, Juan Ramón Rodríguez–López, Esq., Rodríguez–López Law Office, Ponce, PR, for Plaintiffs.

Lisa E. Bhatia–Gautier, Esq., United States Attorney's Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

JAIME PIERAS, JR., Senior District Judge.

The Court has before it Defendant United States of America's motion to dismiss (No. 9) and Plaintiffs' response thereto (Nos. 12 and 13). Plaintiffs Víctor D. Torres–Maldonado ("Torres" or "Plaintiff"), Vivian Durán–Jiménez ("Durán") and Vivian G. Torres–Durán ("Torres–Durán") bring this claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Sections 2671 *et seq.*, and the Fourteenth Amendment to the United States Constitution. In his Complaint, Plaintiff Torres alleges that he was injured when arrested by military police officers while entering LTC Pesquera U.S. Army Reserve Center ("Pesquera") in Juana Díaz, Puerto Rico.

Defendants United States of America, the "Department of the Army of the United States of America," and the Department of Defense of the United States of America (collectively, "Defendants") move the Court to dismiss Plaintiffs' Complaint, arguing that the Court lacks subject matter jurisdiction. For the reasons stated herein, the Court **GRANTS** Defendants' motion to dismiss **(No. 9).**

## I. FACTUAL ALLEGATIONS

Plaintiff Torres, a member of the U.S. Army Reserves, alleges that on May 20, 2003, he was returning by car to Pesquera, a military base in Juana Díaz, Puerto Rico, in compliance with his military orders when he was stopped by two military police officers upon entering the base. The vehicle he was driving was subjected to a random search. After the search was completed, one of the officers said Torres smelled of liquor. Plaintiff alleges that the officer then forced him out of his car, dropped him to the ground, and handcuffed him. Plaintiff was arrested and detained for approximately six hours. Plaintiff alleges that the physical force used by the officers aggravated a pre-existing lumbar condition for which he had previously undergone surgery. He alleges that the aggravated condition caused him physical and mental pain, which ultimately caused him to be released from his assignment as a reservist. He further alleges that as a result of the aggravated condition, he has been unable to maintain his civilian job as a tools and parts attendant with the 65th RCC. Plaintiff's wife and daughter also bring claims for emotional suffering as a result of Plaintiff's injuries. Defendants do not dispute Plaintiff's version of the facts. Rather, they argue that the case must be dismissed because the Court lacks subject matter jurisdiction.

## II. LEGAL STANDARD FOR MOTIONS TO DISMISS

According to the Supreme Court, a "court may dismiss a Complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002). According to the First Circuit, a court must "treat all allegations in the Complaint as

true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence,* 970 F.2d 996, 997 (1st Cir.1992). A complaint sufficiently raises a claim "even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González–Pérez v. Hospital Interamericano De Medicina Avanzada,* 355 F.3d 1, 5 (1st Cir.2004). Under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## III. *ANALYSIS*

■ Defendants argue that Plaintiffs' claims are barred under *Feres v. United States,* which states that "the United States is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950). The *Feres* doctrine prevents plaintiffs from recovering in FTCA claims against the United States for injuries occurring incident to service. *Day v. Mass. Air Nat'l Guard,* 167 F.3d 678 (1st Cir.1999).

### a. *Whether Plaintiff's Injuries Occurred "Incident to Service"*

■ In determining whether it has subject matter jurisdiction, the Court must assess whether Plaintiff's injuries arose in the course of activity "incident to service." Although there is no single conclusive element to establish whether an injury occurred "incident to service," factors considered by the First Circuit include whether the injury occurred on a military facility, whether it arose out of military activities or military life, whether the alleged perpetrators were superiors or acting in cooperation with the military, and, most significantly, whether the injured party was on

military service at the time of the incident. *Day,* 167 F.3d at 682.

Plaintiff alleged that he required pursuant to military orders to enter Pesquera, and to pass the military police checkpoint where his vehicle was stopped and searched. The search led to the alleged detection of alcohol and Plaintiff's subsequent arrest. The First Circuit has consistently denied FTCA claims under the *Feres* doctrine in cases where the circumstances giving rise to the plaintiff's injuries were much more tenuously connected to the plaintiff's military status than entering a military base pursuant to orders, as alleged here. *See, e.g. Borden v. Veterans Admin.,* 41 F.3d 763 (1st Cir.1994) (denying claim of plaintiff who was off duty and playing basketball on base at time of injury); *Lauer v. United States,* 968 F.2d 1428 (1st Cir.1992) (denying claim where plaintiff enlistee was struck and injured by automobile while walking back to his base on a road maintained by the navy). That Plaintiff was on active duty, on a military base, and acting according to orders at the time of the alleged incident is sufficient to establish that Plaintiff was acting "incident to service" at the time of his injury.

Furthermore, the circumstances alleged here implicate the policy concerns central to the creation and persistence of the *Feres* doctrine. The United States Supreme Court has reasoned that civilian courts should refrain from interfering with internal disciplinary procedures of the military. In *U.S. v. Shearer,* 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), the Supreme Court held that the *Feres* doctrine prevented an FTCA claim against the government even though the plaintiff's decedent, an army private, was off-duty and off-base when he was murdered by another serviceman who had previously been jailed for manslaughter. In denying the action, the Supreme Court held that the

most important factors were "whether the suit requires the civilian court to second-guess military decisions and whether the suit might impair essential military discipline." *Id.* at 57. The Constitution gives Congress, and not the Courts, exclusive authority over the "rights, duties, and responsibilities in the framework of the Military Establishment, including regulations, procedures, and remedies related to military discipline." *Chappell v. Wallace,* 462 U.S. 296, 301, 103 S.Ct. 2362, 2366, 76 L.Ed.2d 586, 591 (1983).

As member of the U.S. Army Reserve, Plaintiff was legitimately subject to the authority and discipline of the military and its police officers. Monitoring vehicles entering a military facility, observing service members for signs of alcohol consumption, and assigning appropriate punishment are integral components of military discipline. *See, generally, Chappell,* 462 U.S. at 299–303, 103 S.Ct. 2362. Because Plaintiff's injury was incident to service and because allowing this action would require judicial involvement in matters of military discipline, the *Feres* doctrine bars the Court from hearing Plaintiff's claim.

### b. *The Continuing Validity of the Feres Doctrine*

■ Plaintiff also argues that the *Feres* doctrine is no longer valid due to Congress' 1974 addition of Section 2680(h) to the FTCA, which created a right of action for individuals injured by law enforcement officers, including military personnel. Plaintiff correctly argues that there is no specific statutory exception in the FTCA barring suits from military personnel injured in the course of service, however his conclusion about the consequences of Section 2680(h) is incorrect. Section 2680(h) did not overrule the *Feres* doctrine, which has consistently been upheld since the 1974 amendment. *United States v. Johnson,* 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987) (stating that the Su-

preme Court has "never deviated" from the *Feres* bar, nor has Congress changed the standard); *see also, Borden,* 41 F.3d 763 (1st Cir.1994); *Lauer,* 968 F.2d 1428 (1st Cir.1992). In explaining the doctrine's continuing importance, the Court has pointed to the "peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the Tort Claims Act were allowed." *Shearer,* 473 U.S. at 57, 105 S.Ct. 3039. These concerns are paramount in the instant case. As discussed above, entertaining this claim would require the Court to second-guess both how the military monitors entry onto its bases and how it regulates alcohol consumption by on duty service men and women. Judicial action in these matters continues to be prohibited under *Feres.*

### C. *Plaintiffs' Constitutional Claim*

■ Plaintiff includes one sentence in his Complaint stating that his claims are also cognizable under the Equal Protection Clause of the Fourteenth Amendment to the Constitution, which provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. Amend. XIV. Plaintiff fails to provide any allegations or arguments in support of his Fourteenth Amendment claim. The Court dismisses this claim, as the Fourteenth Amendment provides that no State shall deny persons equal protection of the laws. *Id.; see Tennessee v. Lane,* 541 U.S. 509, 539, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004). There are no state defendants in this case. Therefore, the Fourteenth Amendment is not applicable.

### D. *Remaining Claims*

■ Plaintiffs Duran and Torres–Duran bring claims for emotional pain, distress

and anguish as a result of Torres' injuries. Their claims are actionable under Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, Section 5141, but are contingent upon the success of Torres' underlying claim. *See Marcano–Rivera v. Pueblo Int'l, Inc.*, 232 F.3d 245, 258 fn. 7 (1st Cir.2000). Because the Court dismisses Torres' FTCA claim with prejudice, the Court also dismisses his wife's and daughter's claims with prejudice.

## IV. *CONCLUSION*

For the reasons stated herein, the Court grants Defendants' motion to dismiss, and will enter separate judgment dismissing the case with prejudice.

**IT IS SO ORDERED.**