**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ALEXIS WITT, On Behalf of the Estate of Dean Witt, Deceased, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant - Appellee. | No. 09-15339 <br><br> D.C. No. 2:08-cv-02024-JAM-KJM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted May 11, 2010
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

Alexis Witt appeals the district court's dismissal of her wrongful death

action under the Federal Tort Claims Act (FTCA), alleging that her husband, a

member of the Air Force, died as the result of negligent medical treatment in a

military hospital.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

In *Feres v. United States*, the Supreme Court established an exception to the FTCA's waiver of sovereign immunity "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. 135, 146 (1950). We have consistently held that claims for medical malpractice in military facilities are barred by *Feres*. *See, e.g.*, *Persons v. United States*, 925 F.2d 292, 296 (9th Cir. 1991); *Veillette v. United States*, 615 F.2d 505, 507 (9th Cir. 1980). Although Witt's husband may have been on some form of leave when the injury occurred, duty status is only one factor in the analysis. *See Costo v. United States*, 248 F.3d 863, 867 (9th Cir. 2001). Moreover, we have specifically held that *Feres* applies even when service members were off duty, emphasizing that they received care in a military hospital based on their status as service members. *See, e.g.*, *Persons*, 925 F.2d at 296; *Veillette*, 615 F.2d at 507. The same analysis controls the present case.

Although we acknowledge the tragic circumstances underlying this lawsuit, we are bound by precedent of the Supreme Court and our court to affirm the district court's dismissal.

The parties shall bear their own costs.

**AFFIRMED.**

2